Concurring Opinion by
McDONALD, J.
The Public Information Act (“PIA”) reflects a public policy that the operation of government should be open to public scrutiny. Maryland Code, General Provisions Article (“GP”), § 4-103(a) (“All persons are entitled to have access to information about the affairs of government and the official acts of public officials and employees.”). Accordingly, the statute is to be construed in favor of disclosure of public records and information. GP § 4-103(b).
As the Majority opinion explains, the public records at issue in this case are part of a licensing scheme that was created in response to documented malpractice in Maryland facilities operated by Dr. Steven C. Brigham, a physician who had been disciplined in other states and whose activities exposed a gap in State oversight. Majority op. at 380-82, 132 A.3d at 247. The PIA normally would require records relating to such licensing to be open to public inspection. This reflects the *396 general policy that the identities and qualifications of those authorized by the State to provide services to the public in some way should not be secret.[1] In particular, the Legislature presumably did not intend for the next Dr. Brigham — or Dr. Brigham himself[2] — to escape public detection simply through the expedient of setting up an LLC or a corporation.
All of this is not to denigrate the competence or good faith of the State officials who oversee this licensing regime. Public oversight of the regulators’ actions in carrying out that scheme is a healthy thing. It is not uncommon that something slips by an overworked regulator and is only brought to light by the press or a citizen with access to public records. As Justice Brandéis famously said: “Sunlight is said to be the best of disinfectants.”
It is thus an extraordinary thing for a State agency to withhold information relating to the licensing of a business entity — in particular, the identities of those who operate it — in response to a PIA request. In proceeding under the temporary denial provision of GP § 4-358, the Department of Health and Mental Hygiene (“DHMH”) has correctly acknowledged that neither the PIA nor any other statute shields this specific information from public disclosure. See Cranford v. Montgomery County, 300 Md. 759, 776, 481 A.2d 221 (1984); *397 Mayor and City Council of Baltimore v. Burke, 67 Md.App. 147, 151-52, 506 A.2d 683 (1986).
The Court’s decision to uphold this deviation from the usual principle of public access can be justified by the peculiar circumstances of this case. In particular, at the hearing in the Circuit Court in which DHMH had the burden of justifying an extension of the temporary denial of access, the requester did not contest DHMH’s petition by cross-examining DHMH’s affiant concerning the conclusions he had reached or by offering its own evidence.
Moreover, the denial of access is very limited in content and time. Only one or two names and email addresses — and only to the extent that an email address discloses those names— have been redacted from the records. While the court order that allows DHMH to continue to withhold the information from this requester does not have an end date, it is by its nature peculiar to this time and circumstance. The justification may dissipate with time and with new facts. It is not a precedent that necessarily forecloses forever the disclosure of such information. Cf Cranford, 300 Md. at 789, 481 A.2d 221.
Finally, the Court’s opinion is premised on the understanding — consistent with the law relating to occupational licenses noted above — -that the accreditation and disciplinary records of the doctors who work in these facilities is available under the PIA. Majority op. at 394-95, 132 A.3d at 255.

. The PIA contains an exception from disclosure for certain parts of licensing records. See GP § 4-333. That exception applies only to records relating to the licensing of individuals and not to the licensing of business entities or medical facilities. See 71 Opinions of the Attorney General 305, 311 (1986) (noting a "deliberate legislative determination” that the exception pertains to licensing of individuals and not of business entities). But even the exception related to licensing records of individuals explicitly requires disclosure of the name of the individual, his or her business address, professional qualifications, and disciplinary record, among other things. GP § 4-333(b). The decision to make such information publicly available was the result of "a careful balancing of the access rights of the public and the privacy rights of licensees.” See Governor’s Information Practices Commission, Final Report 535-38 (1982).

. The newspaper article cited in the Majority opinion suggests that Dr. Brigham was still involved in the operation of clinics in Maryland after the licensing regime was put in place.